**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**JEROLD BERT NOE, as assignee of Chuck M. Bergerson,**

Plaintiff,

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**

Defendant.

Civil No. 01-1217 (ADM/SRN)

**ORDER**

---

APPEARANCES

James T. Martin, Esq., for Plaintiff.

Leondra M. Hanson, Esq., for Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on April 2, 2002, on Defendant's Motion to Name the Real Party in Interest (Doc. No. 11). The case has been referred to the undersigned for resolution of pre-trial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. INTRODUCTION

This litigation arises out of an assignment granted by Charles M. Bergerson ("Bergerson"), a defendant in the underlying tort action, to Jerold Bert Noe ("Noe"), a co-defendant in that matter. The underlying action arose as a result of fatal injuries sustained by the plaintiff in a fall, which occurred in a building owned by Bergerson. The underlying action involved claims against Bergerson, Noe, and another contractor who settled prior to trial. The jury in that case awarded $1,011.440.06 in damages, and

APR 0 5 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

found Bergerson 85% liable and Noe 10% liable for the plaintiff's injuries. However, because of Minnesota's joint and several liability rule, judgment for the full amount of the verdict was entered against both Bergerson and Noe.

After the jury verdict, the parties reached a settlement in the amount of $760,000, whereby Bergerson's insurance carrier, American Family Mutual Insurance Company ("American Family"), contributed $360,000 on behalf of Bergerson, and Noe's insurance carrier, Western National Insurance Company ("Western National"), contributed $400,000 on behalf of Noe. Additionally, as part of the settlement agreement, Bergerson agreed to execute and deliver to Western National an assignment of his rights to bring a bad faith action against American Family, which assignment was executed by Bergerson, Noe, and Western National on May 12, 1999, June 18, 1999, and June 25, 1999, respectively. (Hanson Aff. Ex. A, B.)

Noe, armed with Bergerson's rights pursuant to the Assignment, brought the current action against Defendant American Family, asserting claims of bad faith. In the pending motion, Defendant American Family seeks an order naming Noe's insurance carrier, Western National, as the real party in interest, pursuant to Fed. R. Civ. P. 17.

## II. DEFENDANT'S MOTION TO NAME THE REAL PARTY IN INTEREST

Defendant American Family moves the Court for an Order that Western National is the real party in interest, and presumably to substitute Western National as the plaintiff in this matter. American Family asserts that Western National, in addition to Noe, is an assignee of Bergerson's claims. Further, American Family asserts that Western National is the ultimate beneficiary of any recovery in this action because it was Western National, as Noe's insurer, that made the $400,000 payment to the plaintiff in the underlying

action. Thus, American Family argues, Western National should be substituted as the real party in interest here.

Plaintiff Noe opposes Defendant's motion, and asserts that he is the real party in interest and the proper plaintiff because Bergerson assigned the claims to him as part of the settlement of the underlying tort action. Plaintiff Noe agrees that Western National ultimately will be the beneficiary of any recovery in this action. (Pl.'s Mem. Opp. Def.'s Rule 17 Mot. at 2.) However, Noe argues that the purpose of Fed. R. Civ. P. 17 is to protect a defendant from multiple claims by different parties on the same cause of action, and that Western National has agreed that it will not bring additional claims against American Family relating to this matter and that it will be bound by the outcome of this case. Thus, Plaintiff argues, the purpose of Rule 17 has been satisfied, Defendant American Family is protected against subsequent suits on the same cause of action, and therefore Defendant's motion should be denied.

Federal Rule of Civil Procedure 17(a) provides that "[e]very action shall be prosecuted in the name of the real party in interest." The Rule continues by providing several examples of real parties in interest:

> An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought . . . .

Fed. R. Civ. P. 17(a) (emphasis added). Plaintiff Noe, as one in whose name a contract (the Assignment) has been made, is entitled under the plain language of Rule 17 to bring suit in his own name and without joining Western National.

Rule 17 of the Federal Rules of Civil Procedure requires "that the party who brings an action actually possess, under the substantive law, the right sought to be enforced." United HealthCare Corp. v. American Trade Ins. Co., Ltd., 88 F.3d 563, 569 (8th Cir. 1996). Such a requirement exists "to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." Fed. R. Civ. P. 17(a) Advisory Committee Note (1966).

In the present instance, Plaintiff clearly has a legal interest in this case. The Assignment provides:

> 7. For and in consideration of such settlement, Charles M. Bergerson hereby assigns, transfers and conveys to Jerold Bert Noe whatever claims, cause of action, actions or damages he has against the American Family Insurance company under the insurance policy described above and arising from its defense, handling, investigation, settlement or non-settlement of the accident described above . . . .

(Hanson Aff. Ex. B at 1-2.) Furthermore, Western National has agreed in writing that it will not pursue a separate action against Defendant American Family, (Martin Aff. Ex. A.), and Plaintiff's Counsel agreed on the record to correct any typographical or procedural errors in that statement. As such, Defendant American Family has failed to convincingly demonstrate that it could face double liability from Western National. Therefore, the Court finds that Plaintiff Jerold Bert Noe, as assignee of Charles M. Bergerson, is the real party in interest to bring this bad faith action against Defendant American Family.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Name the Real Party in Interest (Doc. No. 11) is **DENIED.**

Dated: April 5, 2002

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge